IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LATASHA MCLAUGHLIN, on behalf of herself and all others similarly situated,

    Plaintiff,

  v.

WELLS FARGO BANK, N.A.,

    Defendant.

No. C 15-02904 WHA

**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND DENYING CERTIFICATE OF APPEALABILITY**

In this putative class action alleging violations of the Truth in Lending Act, defendant Wells Fargo Bank moved to dismiss the complaint, arguing that TILA does not require lenders to list insurance proceeds on payoff statements. An order denied Wells Fargo's motion, holding that "an accurate payoff statement should have deducted the insurance proceeds still held by the bank and at least should have added a note that the impounded funds potentially could be used for home repair in the event the loan was not paid off" (Dkt. No. 36 at 2–3). Now, Wells Fargo moves for leave to file a motion for reconsideration of that order.

Under Civil Local Rule 7–9(b), a party moving for leave to file a motion for reconsideration must show one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or

> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

In addition, the rule states that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party."

Wells Fargo argues that the order denying its motion to dismiss came to an "manifestly erroneous" conclusion and relied on false factual assumptions. Specifically, Wells Fargo asserts that the order (1) "mistakenly assumed that plaintiff is entitled to the insurance proceeds," (2) "incorrectly assumed that plaintiff could not determine the amount due on her mortgage," and (3) "ignore[d] valid claims to insurance proceeds by contractors who have performed repairs on the properties" (Dkt. No. 40 at 3–4).

Wells Fargo, however, made these same arguments in its briefing on the motion to dismiss and at oral argument. Wells Fargo covered the first argument, that plaintiff was not entitled to the insurance proceeds, extensively in its motion to dismiss. In fact, the motion contained an entire section, which spanned over two pages, titled "C. Plaintiff's Deed of Trust does not Provide the Borrower a Right to Apply Property Insurance Proceeds to the Loan Balance" (Dkt. No. 20 at 13–15). The order denying Wells Fargo's motion simply disagreed with this argument and rejected it. A motion for reconsideration is not the proper avenue to rehash this previously rejected argument.

*Second*, Wells Fargo takes issue with the order's statement that due to the inaccuracy of the payoff statement, plaintiff "would get a run-around and forever be fighting with low-level bank staff insisting that the bank already had other funds available for a credit while the staff shrugged their shoulders and pointed to the misleading payoff statement" (Dkt. No 36 at 3). Wells Fargo asserts that this "fact" did not appear in the record and thus should not have been considered. This statement did not constitute a fact. It was merely a common sense observation of how life and experience generally work for borrowers dealing with banks. Moreover, Wells Fargo made the same general argument in its previous briefing, stating "[p]laintiff was fully aware of the existence of property claim proceeds held by Wells Fargo" (Dkt. No. 20 at 12).

1 The order rejected that argument, emphasizing the above example in which plaintiff could be
2 harmed despite knowing the insurance proceeds were available in some way.

3     *Third*, Wells Fargo asserts that the insurance proceeds could have been paid to a
4 contractor for repairs. Once again, Wells Fargo has already made this argument. In its motion
5 to dismiss, it stated: "For instance, unbeknownst to the loan servicer, insurance proceeds may
6 be owed to a contractor for repair work already performed" (*id*. at 2–3). In addition, at oral
7 argument, defense counsel stated that "those funds could be owed to a contractor for work that's
8 already performed" (Tr. 6).

9     In sum, Wells Fargo already made the arguments now put forth at the motion to dismiss
10 stage. The order denying the motion rejected those arguments. Civil Local Rule 7–9(c) clearly
11 states that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or
12 written argument made by the applying party." In violation of that rule, Wells Fargo has simply
13 rehashed its old arguments and has not presented anything amounting to a failure to consider
14 "material facts or dispositive legal arguments " that would warrant reconsideration. For that
15 reason, Wells Fargo's motion for leave to file a motion for reconsideration is **DENIED**.

16     In addition, Wells Fargo has also filed a motion for a certificate of appealability. Under
17 28 U.S.C. 1292(b), a district court has discretion to make an order immediately appealable if the
18 "order involves a controlling question of law as to which there is substantial ground for
19 difference of opinion and that an immediate appeal from the order may materially advance the
20 ultimate termination of the litigation." It is, of course, possible that the district judge erred, but
21 if this issue is to go up on appeal, it would be best to go up on a full record of what actually
22 happened rather than a thin motion to dismiss. Thus, the motion for a certificate of
23 appealability under 28 U.S.C. 1292 is **DENIED**.

25     **IT IS SO ORDERED.**

27 Dated: November 24, 2015.

                                           WILLIAM ALSUP
28                                            UNITED STATES DISTRICT JUDGE

*United States District Court*
For the Northern District of California