IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LATASHA MCLAUGHLIN, on behalf of herself and all others similarly situated,

    Plaintiff,

  v.

WELLS FARGO BANK, NA,

    Defendant.

No. C 15-02904 WHA

**ORDER DENYING IN PART MOTION TO STAY PROCEEDINGS AND VACATING HEARINGS**

    In this putative class action regarding alleged violations of the Truth in Lending Act, defendant Wells Fargo Bank has moved to stay all proceedings pending the Supreme Court's decision in *Spokeo, Inc. v. Robins*, in which oral argument took place on November 2, 2015. In *Spokeo*, the question pending before the Supreme Court is:

> Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.

In our case, however, named plaintiff Latasha McLaughlin has alleged harm going well beyond the bare violation of a federal statute. Thus, notwithstanding the Supreme Court's decision in *Spokeo*, plaintiff's case will move forward and discovery will proceed. Defendant's motion for a stay of all proceedings, including discovery, is **DENIED**.

It is likely, however, that the Supreme Court's decision in *Spokeo* will affect the construction of a potential class at the Rule 23 stage. The briefing on plaintiff's class certification motion is complete and the hearing is presently set for February 25. For now, plaintiff's class certification motion shall be **HELD IN ABEYANCE** pending the Supreme Court's decision in *Spokeo* and the hearing set for February 25 is **VACATED**. Seven calendar days after the Supreme Court issues its decision in *Spokeo*, both sides shall submit a brief, totaling ten pages or less, discussing the decision's impact on class certification. Each side may respond to the other's brief, in ten pages or less, seven calendar days after the initial briefs are filed. The hearing on plaintiff's class certification motion will take place two weeks after the responsive briefs are due, and shall be heard on the Court's regular civil motion calendar. To illustrate, if the Supreme Court hands down the *Spokeo* decision on March 3, then the parties' initial briefs will be due on March 10, responses will be due on March 17, and the hearing will take place on March 31.

Defendant's recently filed summary judgment motion shall also be **HELD IN ABEYANCE** and the March 17 hearing is **VACATED**. The summary judgment motion will not be heard until after the class certification stage, and if a class is certified, the summary judgment motion will not be heard until after the class notice has been disseminated and the deadline to opt out or intervene has passed. The summary judgment briefing, however, may be completed prior to the end of the class notice period. Thus, plaintiff's opposition to defendant's summary judgment motion shall be due fourteen calendar days after the class certification order issues. Defendant's reply shall be due seven calendar days after plaintiff's opposition is filed.

**IT IS SO ORDERED.**

Dated: February 17, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2