**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7        IN THE UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11   LATASHA MCLAUGHLIN, on behalf of
     herself and all others similarly situated,            No. C 15-02904 WHA
12
                    Plaintiff,
13
         v.                                                **ORDER GRANTING IN PART**
14                                                         **AND DENYING IN PART**
                                                           **ADMINISTRATIVE MOTIONS**
15    WELLS FARGO BANK, NA,                                **TO FILE UNDER SEAL**

16                    Defendant.
                                                    /
17

18        Plaintiff Latasha McLaughlin and defendant Wells Fargo Bank have filed administrative

19   motions to file under seal portions of the opposition and reply to the class certification motion

20   along with portions of defendant's motion for summary judgment.  The portions sought to be

21   sealed contain personal identifying information relating to plaintiff's bank records and

22   confidential financial and propriety information that had been designated as highly confidential

23   under the parties' protective order.  In response, the parties have submitted detailed declarations

24   in support of the motions to seal.

25        "Those who seek to maintain the secrecy of documents attached to dispositive motions

26   must meet the high threshold of showing that compelling reasons support secrecy.  A good cause

27   showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive

28   motions."  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

**United States District Court**
For the Northern District of California

1    Motions for class certification are non-dispositive motions and thus parties seeking to seal

2    portions of them must meet the good cause standard.  Motions for summary judgment are

3    dispositive and thus compelling reasons must be shown to seal portions of that motion.

4        The rulings on the motions to seal are as follows.  Defendant's motion to seal Exhibits

5    1–12 of the Shively Declaration is **GRANTED IN PART AND DENIED IN PART**.  These exhibits

6    contain personal information relating to plaintiff's mortgage with Wells Fargo as well as her

7    dispute with her contractor.  All personal information — such as private email addresses,

8    telephone numbers, claim numbers, and social security numbers — shall be redacted as indicated

9    in the Avery Declaration.  The remainder of Shively Exhibits 1–12 shall be made public.

10       Defendant's motion to redact portions of its class certification opposition and motion for

11    summary judgment is **GRANTED IN PART AND DENIED IN PART**.  The motion to seal the portions

12    of the briefs which reference plaintiff's personal information, as described above, is **GRANTED**.

13    The motion to seal portions of the opposition to the class certification motion, specifically page

14    4, lines 17–20 and 22–24 and page 21, lines 17–21 is **DENIED**.  These redacted sections discuss

15    the deposition testimony of Jody Leo.  The sections referenced, however, have already been

16    disclosed by Wells Fargo in other public filings (Dkt Nos 57–1 at p. 6; Dkt. No. 69–1 at p. 11).

17       Plaintiff's motion to seal portions of her reply to defendant's class certification

18    opposition is **GRANTED IN PART AND DENIED IN PART**.  The motion to seal Exhibits 4–6 to the

19    Insley-Pruitt Declaration is **GRANTED**.  These exhibits are audio recordings of phone calls in

20    which plaintiff regularly discusses personal identifying information.  The transcripts of these

21    recordings shall be redacted as the parties propose, redacting plaintiff's email addresses,

22    telephone numbers, claim numbers, and social security numbers.  The motion to seal other

23    portions of the reply brief (other than the plaintiff's personal information) is **DENIED**, as

24    defendant has withdrawn its confidentiality designation for these portions.

25       Defendant's motion to remove incorrectly filed documents that contain plaintiff's

26    personal information (Dkt. No. 84) is **GRANTED**.

27

28

By **NOON ON MARCH 7, 2016**, the parties shall re-file and submit to the Court redacted versions of the opposition and reply to the class certification motion and the motion for summary judgment, along with the redacted exhibits, in accordance with this order.

**IT IS SO ORDERED.**

Dated: March 1, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE