United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATASHA MCLAUGHLIN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, NA,<br><br>    Defendant.<br>_____ / | No. C 15-02904 WHA<br><br>**ORDER DENYING STAY AND VACATING HEARING** |

### INTRODUCTION

In this TILA action, defendant moves for a stay pending its Rule 23(f) petition for permission to appeal the class certification order. For the reasons stated herein, the motion for a stay is **DENIED**.

### STATEMENT

On June 22, 2016, an order certified two classes: (1) a class under Rule 23(b)(3) to pursue damages only; and (2) a class under Rule 23(b)(2) to pursue declaratory relief only (Dkt. No. 123). Now, defendant moves for a stay pending resolution of its Rule 23(f) petition for permission to appeal the class certification order.

Courts consider four factors when evaluating whether to issue a stay: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public

interest lies. *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011). A stay is an "intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right." *Nken v. Holder*, 556 U.S. 418, 427 (2009).

This order concludes that a stay is not warranted here. *First*, for the reasons set out in the class certification order, defendant has not made a strong showing it is likely to succeed on the merits of its appeal. *Second*, defendant has not shown that it will be irreparably injured absent a stay. Indeed, "[b]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). *Third*, a stay would lead to an unwarranted delay in relief for class members. *Fourth*, the public interest lies in providing relief to class members, especially where a prior order concluded defendant's alleged practices violated TILA.

For the reasons stated herein, defendant's motion for a stay is **DENIED**. Finding oral argument unnecessary, the Court hereby **VACATES** the hearing scheduled for August 18, 2016.

**IT IS SO ORDERED.**

Dated: August 16, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE