Joseph J. Tabacco, Jr. (SBN 75484)
Kristin J. Moody (SBN 206326)
A. Chowning Poppler (SBN 272870)
**BERMAN DEVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone:  (415) 433-3200
Facsimile:  (415) 433-6282
Email: jtabacco@bermandevalerio.com
          kmoody@bermandevalerio.com
          cpoppler@bermandevalerio.com

*Local Counsel for Plaintiff and the Class*

Patricia I. Avery (*pro hac vice*)
Matthew Insley-Pruitt (*pro hac vice*)
Adam J. Blander
**WOLF POPPER LLP**
845 Third Avenue, 12th Floor
New York, NY 10022
Telephone:  (212) 759-4600
Email: pavery@wolfpopper.com
          minsley-pruitt@wolfpopper.com
          ablander@wolfpopper.com

*Counsel for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| LATASHA McLAUGHLIN, on behalf of herself and all others similarly situated,<br><br>                                   Plaintiff,<br><br>        vs.<br><br>WELLS FARGO BANK, N.A., d/b/a WELLS FARGO HOME MORTGAGE,<br><br>                                   Defendant. | **CLASS ACTION**<br><br>No.: 3:15-cv-02904-WHA<br><br>**PATRICIA I. AVERY'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT**<br><br>Date:        December 1, 2016<br>Time:        8:00 a.m.<br>Place:       Courtroom 8 – 19th Floor<br>Judge:      Honorable William H. Alsup |

I, Patricia I. Avery, declare pursuant to 28 U.S.C. § 1746 as follows:

1.       I am an attorney at Wolf Popper LLP, counsel for Plaintiff Latasha McLaughlin and lead counsel for the Damages Class and Declaratory Relief Class in the above-captioned matter.  I submit this declaration in support of Plaintiff's Motion for Preliminary Approval of the Proposed Class Action Settlement (the "Preliminary Approval Motion").  This motion is the result of the Parties entering the Class Settlement Agreement and Release (the "Settlement Agreement"), attached hereto as Exhibit 1.

2.       As discussed more fully in the accompanying Preliminary Approval Motion, Class Counsel understand the risks of litigation and the fact that, even where a plaintiff's case appears strong, there is no guarantee against a defense verdict or a reversal of a favorable verdict on appeal. The amount of the cash recovery in this Action for the Damages Class represents 88% of the maximum recovery under the Truth in Lending Act (which has a $1 million statutory damages cap in a class action).  In addition, Wells Fargo has changed its template letter to disclose the insurance claim funds as well as explanatory notes concerning the funds, which disclosure forms the heart of the claim asserted by Plaintiff.  As such, Class Counsel believes the Settlement is fair, reasonable and adequate, and in the best interest of the Class.

3.       Class Members are only releasing those claims certified in this Action.[1]

4.       Class Counsel intends to request an attorney fee award no greater than $1.95 million.  Class Counsel's lodestar is approximately $1.5 million.

5.       Class Counsel also intends to request reimbursement of its costs and expenses not to exceed $45,000.

---

[1] Specifically, Section 1.20 provides as follows:

"Released Claims" means any and all actions, causes of action, obligations, costs, expenses, damages, losses, claims, liabilities, and demands, of whatever character that were asserted in this Action, to wit, violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. and Regulation Z, 12 C.F.R. Part 1026 for the failure of Wells Fargo to disclose insurance claim fund balances in payoff statements, except that any Class Member's claims for actual damages as a result of such violations are expressly excluded from this release. Additionally, for the purpose of clarification, Declaratory Relief Class Members who are not Damages Class Members are not releasing claims for damages, if any.

– 1 –

[No. 3:15-cv-2904] PATRICIA I. AVERY'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT

6.      The Settlement is not contingent on an award of attorney fees, costs or expenses. Moreover, any such awards would be paid by Defendant directly, and would not, in any way, diminish any monetary relief to be received by the Damages Class.  No portion of the funds will be returned to Defendant.  To the extent there is any cash balance that remains in the settlement fund after distribution, any such funds will be paid to the Eviction Defense Project of the San Francisco Bar Association, Justice and Diversity Center, a non-sectarian §501(c)(3) charitable organization.

7.      I have been informed by counsel for Defendant, Ashley L. Shively of Reed Smith LLP, that Defendant does not oppose the relief sought in this motion and consents to the entry of the Preliminary Approval Order that is attached to the Settlement Agreement as Exhibit B.

DATED:  October 21, 2016                    By:      */s/ Patricia I. Avery*
                                                              Patricia I. Avery

# EXHIBIT 1

## CLASS SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (the "Agreement") is made by and between plaintiff Latasha McLaughlin ("Plaintiff"), individually and on behalf of the Class, and defendant Wells Fargo Bank, N.A.

## SECTION 1 DEFINITIONS

As used in this Agreement and all related documents, the following terms have the following meanings:

**1.1** **"Action"** means the lawsuit entitled *McLaughlin v. Wells Fargo Bank, N.A.*, in the United States District Court for the Northern District of California, Case No. 3:15-cv-02904-WHA.

**1.2** **"Administrator"** means Garden City Group, which will be responsible for distribution of the Notice and administration of the Settlement as provided in SECTION 7.

**1.3** **"Agreement"** means this Class Action Settlement Agreement and Release, including all exhibits attached hereto.

**1.4** **"Class Counsel"** means the laws firms of Wolf Popper LLP and Berman DeValerio.

**1.5** **"Class Member(s)" or "Class"** means the members of the Damages Class and Declaratory Relief Class, collectively, excluding officers and directors of Wells Fargo since June 23, 2014.

**1.6** **"Class Representative"** means the Plaintiff Latasha McLaughlin.

**1.7** **"Court"** means the Honorable William H. Alsup, United States District Court for the Northern District of California, or such other judge to whom the Action may hereafter be assigned.

**1.8** **"Damages Class"** means all borrowers with mortgages serviced and owned by Wells Fargo who, between June 23, 2014 and June 23, 2015, received payoff statements which failed to disclose property insurance claim funds.

**1.9** **"Damages Class Fund"** means the Eight Hundred Eighty Thousand Dollars ($880,000) to be paid by Wells Fargo for the benefit of the Damages Class, from which all settlement payments to such Class Members will be paid. The Damages Class Fund will be deposited into a qualified account within fourteen (14) days of the Effective Date and will remain until the Administrator makes all payments required hereunder.

**1.10** **"Declaratory Relief Class"** means all borrowers with mortgages serviced and owned by Wells Fargo wherein Wells Fargo held property insurance claim funds on June 22, 2016.

*McLaughlin v. Wells Fargo Bank, N.A*
N.D. Cal., Case No. 3:15-cv-02904-WHA

**1.11**   **"Effective Date"** means the latter of the following:

(a)   The expiration date of the time for filing or notice of any appeal from the Final Approval Order and Judgment with respect to the Settlement, if no appeal is filed; or

(b)   In the event that a motion for reconsideration, an appeal, or other effort to obtain review of the Final Approval Order is filed, the Effective Date is the date on which such reconsideration, appeal, or review has been finally concluded and is no longer subject to review, whether by appeal, petitions for rehearing, petitions for rehearing *en banc*, or petitions for writ of certiorari, or otherwise (excluding any time period provided under Federal Rule of Civil Procedure 60). Class Counsel will provide Wells Fargo's Counsel a draft of any papers opposing any effort to obtain review of the Final Approval Order approximately five (5) business days before the filing deadline. Wells Fargo will be permitted, but not required, to file its own brief or statement regarding such appeal or motion.

**1.12**   **"Final Approval Hearing"** means the hearing at or after which the Court will make a final decision on whether to grant Final Approval of this Agreement as fair, reasonable and adequate.

**1.13**   **"Final Approval Order"** or **"Final Approval"** means the order approving the Settlement, and entering judgment with respect to the Settlement. The Parties will submit a Proposed Final Approval Order substantially in the form attached as Exhibit C hereto.

**1.14**   **"Notice"** means the Proposed Notice substantially in the form attached as Exhibit A hereto.

**1.15**   **"Objection/Exclusion Deadline"** means the date by which Class Members must object, file a Request for Exclusion, and/or file an appearance, as detailed in SECTION 5.

**1.16**   **"Parties"** means the Plaintiff, on behalf of herself and the Class, and Wells Fargo.

**1.17**   **"Preliminary Approval Order"** or **"Preliminary Approval"** means the order provisionally approving the Settlement. The Parties will submit a Proposed Preliminary Approval Order substantially in the form attached as Exhibit B hereto.

**1.18**   **"Releasing Persons"** means Plaintiff and each Class Member, on behalf of themselves and their agents, administrators, servants, employees, representatives, assigns, heirs, executors, trustees, joint venturers, partners, successors, predecessors and attorneys, and each of them, excluding: (i) all Damages Class Members whose Notice is returned as undeliverable and who cannot be located with reasonable diligence; and (ii) all Damages Class Members who timely request exclusion from the Class pursuant to Section 5.4 of this Agreement.

**1.19**   **"Released Parties"** means Wells Fargo Bank, N.A. and all of its former, present and future direct and indirect parents, affiliates, subsidiaries, successors and predecessors, and all of their respective former, present and future officers, directors, shareholders, managers, general partners, limited partners, employees, servants, agents, principals, attorneys, representatives,

insurers, reinsurers, predecessors, successors, divisions, joint ventures, assigns, independent contractors and vendors.

1.20 **"Released Claims"** means any and all actions, causes of action, obligations, costs, expenses, damages, losses, claims, liabilities, and demands, of whatever character that were asserted in this Action, to wit, violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F.R. Part 1026 for the failure of Wells Fargo to disclose insurance claim fund balances in payoff statements, except that any Class Member's claims for actual damages as a result of such violations are expressly excluded from this release. Additionally, for the purpose of clarification, Declaratory Relief Class Members who are not Damages Class Members are not releasing claims for damages, if any.

1.21 **"Request for Exclusion"** means a request made by a Damages Class Member to opt out or be excluded from the Settlement.

1.22 **"Settlement"** means this Agreement to settle the Action.

1.23 "**Wells Fargo**" means defendant Wells Fargo Bank, N.A.

1.24 **"Wells Fargo's Counsel"** means the law firm of Reed Smith LLP.

## SECTION 2   RECITALS

2.1 The Plaintiff commenced the Action on June 23, 2015. Plaintiff alleges that in March 2015 she requested a loan payoff statement from Wells Fargo and that the statement did not credit or disclose approximately $16,500 in property insurance claim funds held by Wells Fargo that were potentially available to be applied to her account balance. Plaintiff alleges a single claim for violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and TILA's implementing Regulation Z, 12 C.F.R. Part 1026 on behalf of herself and the putative classes identified in the complaint.  Specifically, Plaintiff alleges that Wells Fargo's payoff statement violated TILA's and Regulation Z's requirements that payoff statements reflect an "accurate" payoff balance. *See* 15 U.S.C. § 1639g; 12 C.F.R. 1026.36(c)(3). Plaintiff seeks, among other things, statutory and actual damages, an order directing Wells Fargo to include insurance funds on payoff statements, and attorneys' fees and costs.

2.2 On October 29, 2015, the Court issued an order holding that to be accurate a payoff statement should have deducted the insurance proceeds still held by the bank and at least should have added a note that the insurance funds potentially could be used for home repair in the event the loan was not paid off.

2.3 On June 22, 2016, the Court issued an order certifying the lawsuit to proceed as a class action on behalf of the Damages Class and the Declaratory Relief Class, appointing the Plaintiff to serve as the representative of all Class Members, and appointing Class Counsel.

2.4 Wells Fargo denies any liability or wrongdoing of any kind associated with the claims alleged in the Action, and further contends that, for any purposes other than settlement, this Action is not appropriate for class treatment.

**2.5**     Class Counsel have conducted a thorough investigation into the facts surrounding the Action, including but not limited to extensive written and deposition discovery and legal research.

**2.6**     On August 5, 2016, the Parties attended an all-day settlement conference with the Honorable Magistrate Judge Donna Ryu, and thereafter reached a tentative settlement of Plaintiff's claims.  Taking into account the benefits achieved on the terms set forth herein, and the burdens, uncertainty and risks inherent in litigation, the Parties have concluded that further prosecution and defense of the claims in the Action could be protracted, burdensome, and expensive, and that it is desirable that the Action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.

**2.7**     Based on Class Counsel's investigation, the current state of the law, the expense, and time necessary to prosecute the Action through trial and possible appeals, the risks and uncertainty of further prosecution of this Action considering the sharply contested legal issues involved, and the relative benefits to be conferred upon Plaintiff and the Class Members pursuant to this Agreement, the Plaintiff and Class Counsel believe that it is desirable that the Action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in this Agreement.  Plaintiff and Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable and adequate to the Damages Class and Declaratory Relief Class, and that it is in the best interests of the Damages Class and Declaratory Relief Class to settle the Action.

**2.8**     Wells Fargo and its counsel recognize the expense and length of continued proceedings necessary to continue the Action through trial and possible appeals. While Wells Fargo denies any wrongdoing or liability arising out of any of the facts or conduct alleged in the Action, and believes that it has valid defenses to Plaintiff's claims, Wells Fargo has determined that the Settlement is fair, adequate, and reasonable. This Agreement, and all related documents, will not be construed as any admission or concession by Wells Fargo, or any of the Released Parties, of any fault, liability, wrongdoing or damage whatsoever. Wells Fargo will not be precluded from challenging class certification in further proceedings in the Action or in any appeal of the Action, or in any other action if the Settlement Agreement is not finalized or finally approved.

WHEREFORE, in consideration of the promises, covenants, representations and warranties contained herein, and for good and valuable consideration given hereunder, the sufficiency of which is hereby acknowledged by the signatories to this Agreement, the Parties hereby agree as follows:

### SECTION 3   SETTLEMENT TERMS

In consideration of the mutual covenants and promises set forth herein, and subject to Court approval, the Parties agree as follows:

**3.1     Returned to Previous Positions if the Settlement Is Not Approved.**  If the Court does not grant Final Approval of the Settlement reflected in this Agreement, or if for any other reason the Effective Date does not occur, the Parties will be returned to their positions with

respect to the Action as if the Agreement had not been entered into. In the event the terms and conditions of this Agreement are substantially modified by the Court, each of the Parties reserve the right to declare this Agreement null and void, in their sole discretion, within fifteen (15) days after such modification.

**3.2    Dismissal of Actual Damages.** Plaintiff will promptly file a stipulation to voluntarily dismiss, without prejudice, her individual claim for actual damages asserted in the Complaint approximately on the same day the Motion for Preliminary Approval is filed with the Court.

**3.3    Plaintiff's and the Class' Release.** As of the Effective Date, the Releasing Persons, hereby release and discharge the Released Parties from the Released Claims.

### SECTION 4   COMPENSATION TO SETTLEMENT CLASS

**4.1    Monetary Relief to Damages Class.** Within twenty-one (21) days after the Effective Date, Wells Fargo will fund the Damages Class Fund. No interest will accrue on funds held in the Damages Class Fund. Within fourteen (14) days thereafter, or at such later time as is practicable, the Administrator will mail to each Damages Class Member a settlement check representing a pro rata share, on a per account basis, of the Damages Class Fund. In other words, accounts with two (or more) named borrowers will share in a single pro rata share of the Damages Class Fund. The settlement checks will state on their face that the check will expire and become void if not cashed within 120 days of the date of the check. Damages Class Members (i) for whom Notice is returned as undeliverable and who cannot be located with reasonable diligence; (ii) who timely request exclusion from the Class pursuant to Section 5.4 of this Agreement; and/or (iii) who do not cash the settlement check within 120 days from the issuance of the check, are not entitled to payment under this Agreement.

**4.2    Cy Pres.** Under no circumstances will any portion of the Damages Class Fund revert to Wells Fargo.  Any remainder in the Damages Class Fund shall be paid to the Eviction Defense Project of the San Francisco Bar Association, Justice and Diversity Center, as the *cy pres* recipient.

**4.3    Practice Change.** Wells Fargo will revise the templates used to generate payoff statement letters for all residential mortgage loans that it services to include the following language, so that such language appears in the payoff statements of borrowers for whom Wells Fargo holds property insurance claim funds at the time the statement is generated:

- Under the Total Amount Due calculation, add the following:

    Restricted Escrow Balance: $_____
    As of the date of this statement, funds received from a property insurance claim are being held in restricted escrow.  All or some of such funds can be applied to the total amount due, if not used to pay for repairs to the property, including claims of third parties such as contractors.  If you have questions about the application of these funds, please call us at [PHONE].

- After the statement "we may adjust figures in this statement, if prior to the payoff date:" add the following:

    We make disbursements from Restricted Escrow to pay for repairs to the property.

Wells Fargo will also continue to include property insurance claim funds, as appropriate and where requested by the borrower, in the total amount due calculation on the payoff statement. This practice change is not intended to prohibit or impede Wells Fargo's improvement of the template payoff statement letter, and/or Wells Fargo's ability to respond to changes in federal and state laws and regulations, or investor guidelines. To the extent that any relevant regulatory or judicial authority promulgates different requirements or any other law or regulatory promulgation that would govern any conduct affected by the Agreement, those laws and regulatory provisions shall control. No modification of the letter templates will eliminate the disclosure of property insurance claim funds directly below the total amount due and language specifying that the funds can be applied to the total amount due if they are not used for repairs to the property.

**4.4    Attorneys' Fees and Costs for Class Counsel.**  Class Counsel may move the Court for an award of reasonable attorneys' fees and costs incurred in the Action, to be paid by Wells Fargo. Wells Fargo may oppose any such motion in the District Court. Wells Fargo will pay any attorneys' fees and costs approved by the Court within thirty (30) days after the Effective Date or resolution of any appeal of the award of fees and costs, whichever date comes later. Notwithstanding any other provision of this Agreement, this Agreement and the finality of the Effective Date is not conditioned on the Court's approval of any attorneys' fees and costs sought by Class Counsel and a reduction by the Court or modification by an appellate court of the fees and costs to Class Counsel will not affect any of the Parties' rights and obligations under this Agreement. No interest will accrue on any attorneys' fees or costs awarded to Class Counsel. Class Counsel agrees to each submit a completed IRS Form W-9 to the Administrator prior to any distribution of funds under this provision.

**4.5    Service Award for Class Representatives.** Plaintiff may apply to the Court for a service award of up to Five Thousand Dollars ($5,000) to be paid by Wells Fargo for her services as the Class Representative in the Action. Wells Fargo will take no position with respect to Plaintiff's entitlement to, or the amount of, any service award. Within thirty (30) days of the Effective Date, and receipt by the Claims Administrator of completed IRS Form W-9 from the Plaintiff, the service award approved by the Court will be paid to Plaintiff (via Class Counsel) by Defendant in the form of a check. This Agreement and the finality of the Effective Date is not conditioned on the Court's approval of any service award to the Plaintiff and a modification by the Court or by an appellate court of the service award will not affect any of the Parties' rights and obligations under this Agreement.

**4.6    No Diminishment of Damages Class Fund.** Any attorneys' fees and costs award or service award shall be paid by Wells Fargo directly, and shall not, in any manner, diminish the Damages Class Fund.

## SECTION 5   CLASS SETTLEMENT PROCEDURES

**5.1      Notice.**  Subject to Court approval, the Parties agree that after the Court enters the Preliminary Approval Order, Notice to Class Members will be provided as follows:

(a)      **Notice Database.**  Reasonably in advance of the deadline to mail Notice, Wells Fargo will provide to the Administrator, in an electronically searchable and readable format, a notice database which includes the names and last known mailing addresses for all Class Members as such information is reasonably available in Wells Fargo's mortgage servicing database. Any personal information relating to Class Members provided to the Administrator pursuant to this Settlement will be provided solely for the purpose of providing Notice to Class Members and effectuating the Settlement; will be kept in strict confidence and subject to the Protective Order entered in this Action; and will not be used for any other purpose.

(b)      **Direct Mail.**  Within twenty-one (21) days of entry of the Preliminary Approval Order, the Administrator will, by first class mail, send the Notice to each Class Member for whom it has a postal mailing address. The last known address for each Class Members will be subject to confirmation or updating as follows: (i) the Administrator will check each address against the United States Post Office National Change of Address Database before the initial mailing; (ii) the Administrator will conduct a reasonable search to locate an updated address for any Class Member whose Notice is returned as undeliverable; (iii) the Administrator will update addresses based on any forwarding information received from the United States Post Office; and (iv) the Administrator will update addresses based on any requests received from Class Members. The Parties agree to cooperate in good faith, with one another and with the Administrator, to make reasonable efforts to locate such Class Members (i) for whom Notice is returned as undeliverable, and/or (ii) whose settlement checks are returned as undeliverable.

(c)      **Settlement Website.**  Before Notice is mailed, the Administrator will create and maintain a settlement website containing the operative complaint in the Action, the Settlement Agreement, the Notice, Order that TILA Required Insurance Proceeds to be Reflected in Payoff Statements, Order Certifying Two Classes, and the Preliminary Approval Order, along with any other information the Parties deem proper.

**5.2      Objections.**  Class Members may object to the Settlement. Those who wish to object to the Settlement must timely file a signed, written objection with the Court by the Objection/Exclusion Deadline. Written objections must (i) clearly identify the case name and number (*McLaughlin v. Wells Fargo Bank, N.A.*, Case Number 3:15-cv-02904-WHA); (ii) state the basis of the objection and all required information from the Notice; (iii) be filed with or mailed (postmarked) to the Court by the Objection/Exclusion Deadline; (iv) state whether the objecting Class Member intends to appear at the Final Approval Hearing; and (v) state whether the objecting Class Member intends to appear at the Final Approval Hearing with or without counsel.

(a)      Any Class Member who fails to file a timely Objection pursuant to this Section and as detailed in the Notice will have waived any right to object to the Agreement and

will not be permitted to object to this Agreement at the Final Approval Hearing, and will be foreclosed from seeking any review of this Agreement by appeal or other means.

(b)     **Response to Objections.**  Class Counsel will file responses to any objections submitted by Class Members and provide Wells Fargo's Counsel a draft to review, approximately five (5) business days before the filing deadline. Wells Fargo will be permitted, but not required, to file its own brief or statement in response to any objections. Any further submissions by the Parties in response to objections will be filed no later than fourteen (14) days prior to the Final Approval Hearing.

**5.3     Intention to Appear at Final Approval Hearing.**  Any Class Member who wishes to be heard at the Final Approval Hearing must file a signed written Notice of Intention to Appear with the Court and mail (postmark) a copy on the Administrator on or before the Objection/Exclusion Deadline. The Notice of Intention to Appear must set forth (i) the name and case number of the Action; (ii) the full name, address, telephone number of the person appearing at the Final Approval Hearing; (iii) the name of the Class Member (if different from the person appearing); and (iv) the points the person wishes to speak about at the Final Approval Hearing.

(a)     Any Class Member who appears with his/her own counsel will be solely responsible for any attorney fees, costs or expenses associated with an appearance by such counsel at the Final Approval Hearing.

**5.4     Request for Exclusion/Opt Outs by Damages Class Members.** Only Damages Class Members have the right to opt out and exclude themselves from the Settlement by mailing a valid Request for Exclusion to the Administrator, postmarked by the Objection/Exclusion Deadline. A Request for Exclusion must include (i) the name and number of the Action; (ii) the full name, address, telephone number, and Notice ID Number of the Damages Class Member; (iii) and must be personally signed by the Damages Class Member.

(a)     Where a Damages Class Member is a co-borrower, and only one borrower submits a Request for Exclusion, then all borrowers on that account will be considered excluded and will not share in the recovery on behalf of the Damages Class.

(b)     No Damages Class Member may opt out by having a Request for Exclusion submitted by an actual or purported agent or attorney acting on behalf of the Damages Class Member. No Request for Exclusion may be made on behalf of a group of Damages Class Members.

(c)     Unless the Notice mailed to a Damages Class Member is returned to the Administrator as undeliverable and such Damages Class Member cannot be located with reasonable diligence, each Damages Class Member who does not submit a Request for Exclusion substantially in compliance with this Section within the deadline set by the Court is bound by the Settlement, and releases those claims identified in Section 1.20.

(d)     **Disputed Exclusions**.  In the event of any issue over the completeness, accuracy, timeliness, or validity of any Request for Exclusion, the Parties will meet and confer in

good faith for the purpose of resolving the issue and, if the issue cannot be resolved, will submit the dispute to the Court for resolution.

(e)     **Effect of Opt Outs by Damages Class Members.** Simultaneously herewith, the Parties are executing a confidential supplemental agreement ("Supplemental Agreement") which sets forth certain conditions under which Wells Fargo has the option to terminate the Settlement if Requests for Exclusion from potential Class Members exceed certain agreed-upon criteria ("Opt-Out Threshold"). The Parties agree to maintain to the extent permitted by law the confidentiality of the Opt-Out Threshold in the Supplemental Agreement which, unless otherwise ordered by the Court, shall not be filed with the Court, but may be examined *in camera* if so requested by the Court or otherwise required by court rule.

**5.5     Declaration of Compliance.**  On or before fourteen (14) days before the Final Approval Hearing, the Administrator will file with the Court a declaration confirming that Notice has been provided to the Class Members in accordance with Section 5.1 of this Agreement.

## SECTION 6   PRELIMINARY AND FINAL APPROVAL

**6.1     Preliminary Approval.**  As soon as practicable after execution of this Agreement, Plaintiff will apply for entry of a Preliminary Approval Order substantially in the form attached hereto as Exhibit B, and request that the Court:

(a)     Preliminarily approve this Agreement as being fair, reasonable, and adequate;

(b)     Preliminarily approve the form, manner, and content of the Notice;

(c)     Set the deadline to provide Notice to the Class Members, which will be no earlier than twenty-one (21) days from entry of the Preliminary Approval Order, so as to allow time for Wells Fargo to review the individual payoff statements of Damages Class Members;

(d)     Set the deadline for Class Counsel to file the motion for Final Approval of the Settlement and file any motion for attorneys' fees and costs, which will be no later than seventy (70) days from entry of the Preliminary Approval Order;

(e)     Set the Objection/Exclusion Deadline for Damages Class Members to opt-out, and for Class Member to object and/or enter an appearance, which will be no later than one hundred twelve (112) days from entry of the Preliminary Approval Order;

(f)     Set the deadline for Wells Fargo to oppose any application for attorneys' fees and costs, which will be no later than one hundred twelve (112) days from entry of the Preliminary Approval Order.  In the event that Wells Fargo files such an opposition, the Parties agree to submit any disputes over discovery to Magistrate Judge Ryu for prompt resolution;

(g)     Set the deadline for Class Counsel to file any responses to Class Member's objections or Wells Fargo's opposition to the application for attorneys' fees or costs, if any, no later than one hundred fifty four (154) days from entry of the Preliminary Approval Order;

(h)      Set the date and time for the Final Approval Hearing, which will be no later than one hundred sixty eight (168) days from entry of the Preliminary Approval Order; and

(i)      Stay all proceedings in the Action and, upon a showing of good cause, stay any related actions filed by any Class Members against Wells Fargo until Final Approval.

6.2      Class Counsel will draft the preliminary approval papers and will provide Wells Fargo's Counsel a draft of the papers to review approximately five (5) business days before filing. Wells Fargo will be permitted, but not required, to file its own brief or statement regarding Preliminary Approval, but will not oppose the motion provided it substantially complies with this Agreement.

6.3      **CAFA.**  Wells Fargo will be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within ten (10) days of the filing of the Motion for Preliminary Approval of Class Settlement.

6.4      **Final Approval and Judgment**. By the deadline proscribed in the Preliminary Approval Order, Plaintiff will apply for Final Approval of the Settlement substantially in the form attached hereto as Exhibit C, and request that the Court:

(a)      Approve the Agreement and the proposed Settlement as fair, reasonable and adequate as to, and in the best interests of, the Class Members; direct the Parties and their counsel to implement and consummate the Agreement, to the extent the Parties have not done so already, according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Plaintiff and all other Class Members, as well as their heirs, executors and administrators, successors and assigns;

(b)      Find that the Notice implemented pursuant to the Agreement (i) constitutes the best practicable notice, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to accept, object to or exclude themselves from the proposed settlement and to appear at the fairness hearing, (iii) constitutes reasonable, due, adequate and sufficient notice to all persons entitled to receive notice, and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and any Rules of the Court;

(c)      Find that Plaintiff and Class Counsel fairly and adequately represented the Class Members for purposes of entering into and implementing the Settlement;

(d)      Incorporate the release set forth in Section 3.3, and forever discharge the Released Parties from the Released Claims;

(e)      Bar and enjoin the Plaintiff and all Class Members from filing, commencing, prosecuting, intervening in, promoting, or participating (as class members or otherwise) in, any lawsuit in any jurisdiction based on the Released Claims.

(f)     Notwithstanding the conclusion of this Action, the Parties stipulate that the Judgment will include a provision for the Court to retain jurisdiction to enforce this Agreement.

**6.5**     Class Counsel will draft the final approval papers and provide Wells Fargo's Counsel a draft of the papers to review approximately five (5) business days before the filing deadline. Wells Fargo will be permitted, but not required, to file its own brief or statement regarding Final Approval.  Class Counsel is not required to provide any applications for attorneys' fees or costs to Wells Fargo prior to the filing deadline.

**6.6**     In entering into this Agreement, each party assumes the risk of any misrepresentation or mistake. If any party should discover subsequent to Final Approval and entry of judgment that any fact relied upon by it/him/her in entering into this Agreement was untrue, or that its/his/her understanding of the facts or of the law was incorrect, such party will not be entitled to any relief in connection therewith, including without limitation, any alleged right or claim to set aside or rescind this Settlement Agreement. This Agreement is intended to be, and is final and binding between the Parties hereto, regardless of any claims of misrepresentation or mistake of fact or law.

## SECTION 7   ADMINISTRATION OF SETTLEMENT

**7.1**     The costs and expenses related to Notice and administration will be paid by Wells Fargo. In no event is any of the cost of Notice or administration subject to being recouped from Plaintiff or Class Counsel. The Parties will use good faith efforts to minimize the costs of Notice and administration. If any of the terms of this Settlement relating to the Administrator's services would unreasonably hinder or delay the processes described above or make them more costly, the Administrator will so advise the Parties, and the Parties will accommodate the Administrator to the extent necessary to carry out the intent of this Agreement.

**7.2**     Subject to the supervision of Class Counsel and Wells Fargo's Counsel, the Administrator will be responsible for, among other things, the following:

(a)     Providing Notice to Class Members as set forth in Section 5.1, including creating and maintaining the settlement website;

(b)     Providing copies of each Objection, Request for Exclusion, and Notice of Intention to Appear to the Parties' Counsel within one (1) business day upon receipt;

(c)     Providing settlement checks to Damages Class Members entitled to receive monies pursuant to Section 4.1;

(d)     Where eligible Damages Class Members have not cashed their settlement check within 90 days of mailing, the Administrator and/or Class Counsel may make reasonable efforts to contact such Class Members for the purpose of effectuating payment, by placing up to five telephone calls to such Class Members at the telephone number available in Wells Fargo's mortgage servicing records and/or through reasonable skip tracing efforts.

(e)    Handling any tax withholding or mailing of tax documents in connection payments from the Damages Class Fund, award of attorneys' fees and costs to Class Counsel, and/or service award to Plaintiff;

(f)    Acting as a liaison between Class Members and the Parties regarding the Settlement. The Administrator will be permitted to communicate without restriction with Class Counsel and Wells Fargo's Counsel; and

(g)    Carrying out other related tasks in accordance with the terms of this Agreement.

## SECTION 8   REPRESENTATIONS AND WARRANTIES

**8.1    Assignment of Claims.**  No party has hereto assigned, transferred or granted, or purported to assign, transfer, or grant, any of the claims, demands and cause(s) of action disposed of by this Agreement.

**8.2    Legal Advice.** The Parties hereto acknowledge that they have had the opportunity to consult with independent legal counsel with respect to the advisability of entering into the Settlement provided for herein and of executing this Agreement and all other matters contained herein.

**8.3    Investigation.**  The Parties hereto acknowledge that they have either been represented in the negotiations for, and in preparation of, this Agreement by counsel of their choice; that they have read this Agreement and have had it fully explained to them by such counsel; and that they are fully aware of the contents of this Agreement and of the legal effect of each and every provision thereof. Each party to this Agreement has made such investigation of the facts pertaining to this Agreement and of all of the matters pertaining thereto as it deems necessary.

**8.4    Authority and Capacity to Execute Settlement Agreement.**  The Parties hereto represent and warrant to each other that the person executing this Agreement on their behalf has full authority and capacity to execute this Agreement and to give the releases and other promises contained herein.

**8.5    No Admission of Liability.**  This Settlement Agreement affects the settlement of claims which are denied and contested, and nothing contained herein shall be construed as an admission by Wells Fargo of any liability of any kind. Wells Fargo denies any liability in connection with any such claims and intends merely to avoid further litigation of the Action.

**8.6    Return of Confidential Documents.**  Originals and all copies of all confidential or highly confidential documents and/or information subject to the Protective Order entered in the Action will be returned, destroyed, or otherwise treated as detailed in the Protective Order.

**8.7    No Publicity Beyond Notice Procedure.**  Neither Class Counsel nor Plaintiff will issue any press releases or other public statements regarding the Action or Settlement to journalists or media/press of any kind. If contacted by a member of the media, the parties will

not provide any comment other than to say a resolution is pending approval, has been tentatively approved, or has been finally approved, depending on the posture of the Action. This provision will not prohibit Class Counsel from communicating with the Court or any Class Member regarding the Action or the Settlement, nor prohibit Class Counsel from referencing the Settlement in the course of their duties as legal counsel, or as attorneys in any manner, or from referencing the Settlement on their firm websites; provided, however, that Class Counsel comply with all confidentiality agreements and the entered Protective Order in the Action in such communications and not disclose information that is not a part of the public record.

**8.8    Choice of Law and Jurisdiction.**  The Action having been brought in the State of California, and this Agreement is being executed by certain of the counsel in the State of California, and it will be deemed to be made under, and will be interpreted in accordance with, the internal laws of the State of California.

**8.9    Construction of Agreement.** Each party has participated in the drafting and preparation of this Agreement. Hence, in construing this Agreement, none of the Parties hereto shall have any term or provision, or any uncertainty or ambiguity as to any term or provision herein, construed against such party solely by reason of such party having drafted the same, as a result of the manner of the preparation of this Agreement, or otherwise.  Each term and provision of this Agreement will be construed and interpreted so as to render it enforceable.  In the event any provision of this Agreement is held to be illegal or unenforceable, the remainder of this Agreement will be binding and enforceable.

**8.10   Headings or Pronouns.**  Headings or captions contained in this Agreement are solely for the convenience of the Parties, are not a part of this Agreement, and will not be used for the interpretation of, or determination of the validity of, this Agreement or any provision hereof.  Whenever the context may so require, the masculine gender will be deemed to refer to and include the feminine and neuter, and the singular will be deemed to refer to and include the plural, and vice versa.

**8.11   Entire Agreement.**  This Agreement contains the entire agreement and understanding between the Parties concerning the subject matter hereof, and any and all prior oral or written agreements or understandings between the Parties related hereto are superseded. No representations, oral or otherwise, express or implied, other than those specifically referred to in this Agreement, have been made by any party hereto.

**8.12   Waiver, Modification and Amendment.**  No provision of this Agreement may be waived unless in writing signed by all Parties hereto. Waiver of any one provision will not be deemed to be a waiver of any other provision hereof. This Agreement may not be altered, amended or otherwise changed or modified, except in writing signed by all Parties.

**8.13   Successors and Assigns.**  This Agreement is binding upon, and shall inure to the benefit of, the Parties hereto and their respective successors, assigns, heirs, agents, employees, attorneys, representatives, officers, parents, affiliates, and subsidiaries.

**8.14   Execution in Counterparts.**  This Agreement may be executed in counterparts and all of said counterparts shall collectively constitute one agreement binding on all Parties.

     **8.15   Further Cooperation.**  The Parties hereto agree to execute all such further and additional documents and instruments, as shall be necessary or expedient to carry out the provisions of this Agreement, and shall promptly and in good faith undertake all reasonable acts to effectuate the provisions of this Agreement.

     **8.16   Notices.**  All letters, notices, requests, demands and other communication required or permitted to be given to the Parties pursuant to this Agreement, excluding communications directed to Class Members, will be in writing and addressed as follows:

For Plaintiff and the Class Members:     Patricia I. Avery (*pro hac vice*)
     Matthew Insley-Pruitt (*pro hac vice*)
     WOLF POPPER LLP
     845 Third Avenue
     New York, New York 10022
     Telephone: (212) 759-4600
     pavery@wolfpopper.com
     minsley-pruitt@wolfpopper.com

     Joseph J. Tabacco, Jr. (SBN 75484)
     Kristin J. Moody (SBN 206326)
     BERMAN DEVALERIO
     One California Street, Suite 900
     San Francisco, CA 94111
     Telephone:  (415) 433-3200
     Facsimile:  (415) 433-6282
     jtabacco@bermandevalerio.com
     kmoody@bermandevalerio.com

For Wells Fargo:     Ashley L. Shively (SBN 264912)
     email: ashively@reedsmith.com
     REED SMITH LLP
     101 Second Street, Suite 1800
     San Francisco, CA  94105-3659
     Telephone: +1 415 543 8700
     Facsimile: +1 415 391 8269

     Peter J. Kennedy (SBN 166606)
     Email: pkennedy@reedsmith.com
     REED SMITH LLP
     355 South Grand Avenue, Suite 2900
     Los Angeles, CA  90071-1514
     Telephone: +1 213 457 8000
     Facsimile: +1 213 457 8080

*[remainder of page intentionally left blank]*

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed as of the dates set forth below.

DATED: _10/17/2016_

Latasha McLaughlin, as an Individual
and as Class Representative


DATED: _____

Wells Fargo Bank, N.A.

By_____
Name:
Title:

*McLaughlin v. Wells Fargo Bank, N.A*
N.D. Cal., Case No. 3:15-cv-02904-WHA

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed as of the dates set forth below.


DATED: _____          _____
                                   Latasha McLaughlin, as an Individual
                                   and as Class Representative


DATED: *10-19-16*                  Wells Fargo Bank, N.A.

                                   By _____
                                   Name: Perry Hilzendeger
                                   Title: EVP - Servicing

APPROVED AS TO FORM AND CONTENT

DATED: 10 / 17 / 16                     WOLF POPPER LLP

                                        By _____
                                            Patricia I. Avery
                                            Matthew Insley-Pruitt
                                            Adam J. Blander
                                            Attorneys for Plaintiff and the Class Members


DATED: 10/17/16                         BERMAN DEVALERIO

                                        By _____
                                            Kristin J. Moody
                                            Chowning Poppler
                                            Attorney for Plaintiff and the Class Members


DATED: _____                  REED SMITH LLP

                                        By_____
                                            Peter J. Kennedy
                                            Ashley L. Shively
                                            Attorneys for Defendant
                                            Wells Fargo Bank, N.A.

*McLaughlin v. Wells Fargo Bank, N.A*
N.D. Cal., Case No. 3:15-cv-02904-WHA

APPROVED AS TO FORM AND CONTENT

DATED: _____          WOLF POPPER LLP


By_____
          Patricia I. Avery
          Matthew Insley-Pruitt
          Adam J. Blander
          Attorneys for Plaintiff and the Class Members


DATED: _____          BERMAN DEVALERIO


By_____
          Kristin J. Moody
          Chowning Poppler
          Attorney for Plaintiff and the Class Members


DATED: Oct, 19. 2016          REED SMITH LLP


By_____
          Peter J. Kennedy
          Ashley L. Shively
          Attorneys for Defendant
          Wells Fargo Bank, N.A.

*McLaughlin v. Wells Fargo Bank, N.A*
N.D. Cal., Case No. 3:15-cv-02904-WHA

# EXHIBIT A

**Name**                                                                                                  **Address**
**ID No.**                                                                                           **City, State, Zip**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATASHA MCLAUGHLIN, on behalf of herself and all others similarly situated, | Case No. 3:15-cv-02904-WHA |
| Plaintiff, | |
| v. | **NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION** |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

**This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of the District Court of the Northern District of California. The purpose of this Notice is to inform you of the pendency of this class action and a proposed settlement that has been reached. You are NOT being sued and this is NOT a solicitation from a lawyer.**

## BASIC INFORMATION

### 1. Why Did I Get This Notice?

There is a proposed class action settlement (the "Settlement") involving Wells Fargo Bank, N.A. ("Wells Fargo"). You should read this notice because Wells Fargo's records show that you are a member of one or both of the following two classes (collectively, the "Classes"):

(i) All borrowers with mortgages serviced and owned by Wells Fargo who, between June 23, 2014, and June 23, 2015, have received payoff statements which failed to disclose property insurance claim funds ("Damages Class"); and/or

(ii) All borrowers with mortgages serviced and owned by Wells Fargo wherein Wells Fargo was holding insurance proceeds on June 22, 2016 ("Declaratory Relief Class").

### 2. What is the Case About?

The Truth In Lending Act, 15 U.S.C. § 1639g ("TILA") requires a lender or mortgage servicer to provide, at the borrower's written request, an accurate statement of the total outstanding balance required to terminate the borrower's loan obligation.

The plaintiff Latasha McLaughlin ("Plaintiff") claims that Wells Fargo violated this section of TILA by issuing payoff statements that did not credit or disclose property insurance claim funds held by Wells Fargo and which were potentially available to be applied to her account balance. Specifically, Plaintiff claims that insurance funds received by Plaintiff and Wells Fargo following damage to Plaintiff's residential property, and which were held by Wells Fargo at the time Plaintiff requested a payoff statement, should have been reflected on her payoff statement.

The Complaint asserts a claim for violation of TILA and seeks statutory damages of up to $1 million in the aggregate on behalf of the Damages Class, and an order directing Wells Fargo to include insurance funds on payoff statements, attorneys' fees and costs. Wells Fargo contends that its payoff statements comply with the requirements of TILA and that the statement Plaintiff received was accurate, in part, because a third party claimed an interest in part of the insurance funds.

On October 29, 2015, the Court issued an order holding that to be accurate a payoff statement should have deducted the insurance funds still held by the bank and at least should have added a note that the insurance funds potentially could be used for home repair in the event the loan was not paid off.  On June 22, 2016, the Court issued an order certifying the lawsuit to proceed as a class action on behalf of the Damages Class and the Declaratory Relief Class, appointing Plaintiff as representative of the Classes, and appointing the law firms of Wolf Popper LLP and Berman DeValerio as Class Counsel.

## WHO IS IN THE CLASS?

### 3.  Who Is Part Of The Class?

The Court has decided that the members of the Damages Class are: all borrowers with mortgages serviced and owned by Wells Fargo who, between June 23, 2014 and June 23, 2015, have received payoff statements which failed to disclose property insurance claim funds.

The Court has decided that the members of the Declaratory Relief Class are: all borrowers with mortgages serviced and owned by Wells Fargo wherein Wells Fargo held property insurance claim funds on June 22, 2016.

Members of the Damages Class, and individuals who are members of both the Damages Class and Declaratory Relief Class, have an identification number on the envelope containing this Notice that begins with the letter "A" (e.g., A12345678). Members of the Declaratory Relief Class have an identification number on the envelope containing this notice that begins with the letter "B" (e.g., B12345678).

## THE PROPOSED SETTLEMENT

### 4.  Grounds For The Settlement.

Based on Class Counsel's investigation, the current state of the law, the expense, and time necessary to prosecute this Action through trial and possible appeals, the risks and uncertainty of further prosecution of this Action considering the sharply contested legal issues involved, and the relative benefits to be conferred upon the Class Members under the Settlement, the Plaintiff and Class Counsel believe that it is desirable to enter into the Settlement.

### 5.  Monetary Relief To The Damages Class.

Subject to approval by the Court, Wells Fargo will establish a Damages Class Fund in the amount of $880,000. Upon approval, eligible Damages Class Members will receive settlement checks representing a pro rata share, on a per account basis, of the Damages Class Fund. In other words, accounts with two named borrowers will share in a single pro rata share of the Damages Class Fund. Each account is anticipated to receive at least $2,500.

### 6.  Practice Change.

Wells Fargo will also revise its template payoff statement letter to disclose property insurance funds held by it directly below the total amount due identified in the letter and to add language specifying that the funds can be applied to the total amount due if they are not used for repairs to the property (the "Practice Change").

### 7.  Request For Attorneys' Fees And Costs And Payment Of Plaintiff

Class Counsel will move the Court for an award of reasonable attorneys' fees and costs incurred in the Action, not to exceed $1.95 million and $45,000, respectively, and to award Plaintiff with a service payment in the amount of $5,000. Plaintiff contends these monies will compensate Plaintiff and Class Counsel for the benefits achieved by:  the Practice Change; the establishment of the Damages Class Fund (which represents 88% of total potential damages available under TILA); and Wells Fargo's agreement to pay the costs of Notice and administration, reasonable attorneys' fees and costs, and a service award, as approved by the Court. Wells Fargo may oppose any such motion.

Attorneys' fees and costs and any service award are determined by the Court and would be paid separately by Wells Fargo, and would not diminish the Damages Class Fund in any way. You will not have to personally pay any fees or costs to Class Counsel.

## YOUR RIGHTS AND OPTIONS

### 8.  What Happens If I Do Nothing?

If you are a Member of the Damages Class and do nothing, you will be deemed part of the Settlement and be entitled to a monetary payment as detailed above, and you will be releasing all claims asserted on behalf of the Damages Class in the Action. No other claims are being released.

If you are a Member of the Declaratory Relief Class and do nothing, you will be deemed part of the Settlement and you will be releasing all claims asserted on behalf of the Declaratory Relief Class in the Action. No other claims are being released. Declaratory Relief Class Members do not release claims for damages (if any) and are not entitled to a monetary payment.

### 9.  How Do I Request To Be Excluded?

If you are a member of the Damages Class, you may request to be excluded from this Class.  This is sometimes called "opting out" of the class. If you exclude yourself, you will receive no money from the proposed Settlement. If you exclude yourself, you will not be legally bound by the Final Approval Order in the Settlement.

To be excluded, you must send a signed written request for exclusion that includes your name, current address, telephone number, and ID number that appears on this Notice, and state "I request exclusion from the Damages Class in the McLaughlin v. Wells Fargo Class Action." The request must be postmarked on or before [date 112 days from entry of the Preliminary Approval Order] and mailed to the Administrator at the address provided below.

### 10.  How Do I Object To The Proposed Settlement Or Request For Attorneys' Fees And Costs?

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*McLaughlin v. Wells Fargo Bank, N.A.*, Case No. 3:15-cv-02904-WHA), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California, 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before [date].

## FINAL APPROVAL HEARING

### 11.  Notice Of Hearing On Final Approval, Attorneys' Fees, And Objections To Settlement.

A Final Approval Hearing will be held before the Honorable William H. Alsup on [date] at [time] at the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, 94102. The hearing will be to determine whether the proposed Settlement is fair, reasonable, and adequate, and whether the requests for attorneys' fee and costs and a service award should be approved. You do not need to appear at this hearing. The hearing may be changed without further notice.  If you plan to attend the hearing, you should check the settlement website to see if the date has changed.

Upon final approval of the Settlement by the Court, Plaintiff and each Member of the Class (excluding (i) all Damages Class Members who timely request exclusion from the Class; (ii) Damages Class Members for whom this Notice is returned as undeliverable and who cannot be located with reasonable diligence; and (iii) officers and directors of Wells Fargo since June 23, 2014), on behalf of themselves and their agents, administrators, servants, employees, representatives, assigns, heirs, executors, trustees, joint venturers, partners, successors, predecessors and attorneys, and each of them, will fully release and discharge Wells Fargo and all of its former, present and future direct and indirect parents, affiliates, subsidiaries, successors and predecessors, and all of their respective former, present and future officers, directors, shareholders, managers, general partners, limited partners, employees, servants, agents, principals, attorneys, representatives, insurers, reinsurers, predecessors, successors, divisions, joint ventures, assigns, independent contractors and vendors from any and all actions, causes of action, obligations, costs, expenses, damages, losses, claims, liabilities, and demands, of whatever character that were asserted in this Action, to wit, violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. and Regulation Z, 12 C.F.R. Part 1026 for the failure of Wells Fargo to disclose insurance claim fund balances in payoff statements, except that any Class Member's claims for actual damages as a result of such violations are expressly excluded from this release.

### 12.  Are More Details Available?

For the precise terms of the Settlement, you should review the Class Settlement Agreement and Release. The Agreement, as well as the pleadings and other records in this Action, may be obtained online at www.MortgagePayoffStatementClassAction.com, from the Court's electronic records access service at www.Pacer.gov, or in person at the Courthouse, 450 Golden Gate Ave., San Francisco, California, 94102.  If you still have questions about this Notice or the Action, you may contact the Administrator by phone at (877) 351-3539, or Class Counsel at the telephone numbers below. Please do not telephone the Court or the Court Clerk's office to inquire about this Settlement.

## ATTORNEYS AND ADMINISTRATOR

### 13.  Who Are The Attorneys?

Attorney for Plaintiff and the Class are:
Patricia Avery (PAvery@wolfpopper.com)
Matthew Insley-Pruitt (MInsley-Pruitt@wolfpopper.com)
WOLF POPPER LLP
845 Third Avenue
New York, New York 10022
Telephone: (212) 759-4600

Kristin J. Moody (kmoody@bermandevalerio.com)
BERMAN DEVALERIO
One California Street, Suite 900
San Francisco, CA 94111
Telephone:  (415) 433-3200

Attorneys for Wells Fargo are:
Peter J. Kennedy (pkennedy@reedsmith.com)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone: (213) 457-8000

Ashley L. Shively (ashively@reedsmith.com)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone: (415) 543-8700

### 14.  Who Is The Settlement Administrator?

McLaughlin v. Wells Fargo Class Action
c/o Garden City Group
P.O. Box 10315
Dublin, OH 43017-3915
Telephone: (877) 351-3539

IF YOU MOVE, PLEASE SEND YOUR CHANGE OF ADDRESS TO THE ADMINISTRATOR.

# EXHIBIT B

Joseph J. Tabacco, Jr. (SBN 75484)
Kristin J. Moody (SBN 206326)
A. Chowning Poppler (SBN 272870)
**BERMAN DEVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone:  (415) 433-3200
Facsimile:  (415) 433-6282
Email: jtabacco@bermandevalerio.com
         kmoody@bermandevalerio.com
         cpoppler@bermandevalerio.com

*Local Counsel for Plaintiff and the Class*

Patricia I. Avery (*pro hac vice*)
Matthew Insley-Pruitt (*pro hac vice*)
Adam J. Blander
**WOLF POPPER LLP**
845 Third Avenue, 12th Floor
New York, NY 10022
Telephone:  (212) 759-4600
Email: pavery@wolfpopper.com
         minsley-pruitt@wolfpopper.com
         ablander@wolfpopper.com

*Counsel for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| LATASHA McLAUGHLIN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., d/b/a WELLS FARGO HOME MORTGAGE,<br><br>    Defendant. | CLASS ACTION<br><br>No.: 3:15-cv-02904-WHA<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

1      The unopposed motion of plaintiff Latasha McLaughlin ("Plaintiff") for an order

2  preliminarily approving the settlement of this action (hereinafter, "this Order" or the "Preliminary

3  Approval Order"), approving the form of Notice to the class, and setting a Final Approval Hearing

4  came on before this Court on October __, 2016.

5      Having read the Class Settlement Agreement and Release dated October ___, 2016 (with

6  exhibits) (the "Agreement"), and the motion, memorandum, and the court file, this Court finds that

7  the proposed settlement is fair, reasonable and adequate, and that a hearing should be held after

8  notice to the Class of the proposed settlement to determine if the Agreement[1] and the Settlement are

9  fair, reasonable and adequate and if a Final Approval Order and judgment, as well as an Order

10 approving Plaintiff's Attorneys' Fees and Costs Application and Service Award Application (as

11 defined in Paragraph 7), and such other matters as may come before the Court in connection with the

12 Agreement should be approved;

13 **IT IS THEREFORE ORDERED THAT:**

14     1.    The Agreement and the Settlement described therein are preliminarily approved as

15 fair, reasonable and adequate.

16     2.    The Court approves, as to form and content, the Notice of Pendency and Settlement

17 of Class Action (the "Notice"), substantially in the form attached hereto as Exhibit A-1. The Notice

18 meets the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure as the "best

19 notice that is practicable under the circumstances," the requirements of Rule 23(c)(2)(A) of the

20 Federal Rules of Civil Procedure as "appropriate notice to the class," as well as the requirements of

21 due process.

22     3.    As soon as practicable following the signing of this Preliminary Approval Order,

23 Wells Fargo will provide to the Administrator, in an electronically searchable and readable format, a

24 notice database which includes the names and last known mailing addresses, and other reasonably

25 available contact information, for all Class Members. Thereafter, twenty one (21) days after entry of

26 this Order, the Administrator will, by first class mail, send the Notice to each Class Member for

---

[1] Defined terms used herein, unless otherwise defined, shall have the meanings ascribed to them in the Settlement Agreement.

1  whom it has a postal mailing address. The last known address for each Class Member will be subject

2  to confirmation or updating as follows: (i) the Administrator will check each address against the

3  United States Post Office National Change of Address Database before the initial mailing; (ii) the

4  Administrator will conduct a reasonable search to locate an updated address for any Class Member

5  whose Notice is returned as undeliverable; (iii) the Administrator will update addresses based on any

6  forwarding information received from the United States Post Office; and (iv) the Administrator will

7  update addresses based on any requests received from Class Members.  The Administrator and the

8  Parties shall make reasonable efforts to locate such Class Members for whom Notice is returned as

9  undeliverable.

10        4.      Prior to the Class Notice being mailed, the Administrator shall also create and

11  maintain a settlement website on the Internet for this Action, with such website containing the

12  operative complaint for this Action, the Settlement Agreement, the Notice, the Order that TILA

13  Required Insurance Proceeds to be Reflected in Payoff Statements, the Order Certifying Two

14  Classes, and the Preliminary Approval Order, along with important dates related to the proposed

15  Settlement, and any other information the parties deem proper. Such website shall remain active so

16  long as is necessary to accomplish the objectives of the Settlement.  The Administrator is directed to

17  file with the Court, and serve upon the parties' Counsel, on or before fourteen (14) days prior to the

18  Final Approval Hearing, defined, *infra*, a declaration containing a sworn verification of such

19  mailings.

20        5.      The mailing of the Notice as directed in this Order constitutes the best notice

21  practicable under the circumstances and appropriate notice to the class and such is hereby deemed

22  sufficient notice to all members of the Class.

23        6.      The costs and expenses of printing and mailing the Notice shall be paid by Wells

24  Fargo consistent with the terms of the Agreement.

25        7.      A hearing (the "Final Approval Hearing") shall be held on [no earlier than on hundred

26  sixty eight (168) days from entry of Preliminary Approval Order]_____, 2016 at

27  _____ __.m. in the Courtroom of the undersigned judge, 450 Golden Gate Avenue, San Francisco,

28  California, 94102, Courtroom 8 -19th Floor, to determine: (i) whether the terms of the Settlement, as

– 2 –

set forth in the Agreement, are fair, reasonable, and adequate and should be approved by the Court; (ii) whether the Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; (iii) whether this Action should be dismissed with prejudice; and (iv) whether all Released Claims should be fully and finally released.  The Court will also consider at the Final Approval Hearing whether Plaintiff's motion for attorneys' fees and costs (the "Fees and Costs Application") and motion for a service award to the Plaintiff (the "Service Award Application") should be granted and, if so, in what amounts.  After the Final Approval Hearing, the Court may enter a Final Approval Order and Final Judgment in accordance with the Agreement, which Final Approval Order and Final Judgment will adjudicate the rights of all Class Members.

8.     The Court appoints Garden City Group, LLC as Administrator to supervise and administer the Notice to the Class and the Distribution of the Damages Class Fund to the Damages Class Members, as set forth in the Agreement. The Parties and their counsel shall not be liable in any way for any act or omission of the Administrator.  Wells Fargo is liable for all costs associated with Notice and with administration of the Settlement, and neither Plaintiff nor Class Counsel shall be liable for any such costs.

9.     Class Counsel shall file and serve their motion for a Final Approval Order and Fees and Costs Applications and the Service Award Application no later than seventy (70) calendar days following entry of this Preliminary Approval Order.

10.     The Notice shall provide that Members of the Damages Class may exclude themselves from the Damages Class and the procedures and deadlines they must follow in order to exclude themselves from the Damages Class.  To be effective, a Damages Class Member must mail a valid Request for Exclusion to the Administrator, postmarked by the Objection/Exclusion Deadline.  A Request for Exclusion must include (i) the name and number of the Action; (ii) the full name, address, telephone number, and Notice ID of the Damages Class Member; (iii) and must be personally signed by the Damages Class Member. The Administrator will provide copies of each Request for Exclusion to the Parties' Counsel within one (1) business day upon receipt.

11.     Any member of the Class who has not timely elected to be excluded from the Class, and who objects to approval of the proposed Settlement, including any Fees and Costs Application or Service Award Application, may appear at the Final Approval Hearing in person or through counsel at his own expense to show cause why the proposed settlement should not be approved as fair, reasonable and adequate.

12.     Objections to the Settlement shall be heard, and any papers or briefs submitted in support of said objections shall be considered by the Court at the Final Approval Hearing but only if filed with or mailed to the Clerk of Court one hundred twelve (112) days from entry of the Preliminary Approval Order, unless otherwise ordered by the Court.  Any papers or briefs filed in support of any said objections must specifically state the factual basis and/or legal grounds of the objection and must contain proof of service of said objections upon the Clerk of Court as follows:

> Office of the Clerk of Court
> United States District Court
> 450 Golden Gate Avenue
> San Francisco
> California, 94102

Any Class Member who does not object, in the manner provided for herein, to the Settlement, and/or any other matter to be heard at the Final Approval Hearing shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, the Fees and Costs Application, the Service Award Application, or to the Final Approval Order and judgment to be entered approving the Settlement.

13.     Wells Fargo shall submit any papers or briefs in opposition to the Fees and Costs Application no later than one hundred twelve (112) days from entry of this Preliminary Approval Order.  In the event that Wells Fargo files such an opposition, the Parties shall submit disputes over discovery to Magistrate Judge Donna Ryu for prompt resolution.

14.     Not later than one hundred fifty four (154) calendar days from entry of this Preliminary Approval Order, Plaintiff shall serve and file her reply papers to such objections, if any.

15.     All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of this Agreement.  Class

1  Members are hereby barred from filing any actions against Wells Fargo arising out of the class

2  claims asserted in this Action pending the Final Approval Hearing.

3        16.   This Court may, for good cause, extend any of the deadlines set forth in this

4  Preliminary Approval Order.

5        17.   Neither the Agreement nor the Settlement, nor any act performed or document

6  executed pursuant to or in furtherance of the Agreement or the Settlement: (i) is or may be deemed

7  to be or may be offered, attempted to be offered or used in any way by the Parties or any other

8  person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, or

9  liability of the Parties, the  Released Parties, or of the validity of any Released Claims; or (ii) is

10  intended by the Parties to be offered or received as evidence or used by any other person in any other

11  actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms

12  therein.

13        18.   Without further notice of any kind to Class Members, the Court reserves the right to

14  adjourn or continue the Final Approval Hearing and any matter to be considered thereat or any

15  adjournment or continuance thereof.

16        19.   The Court reserves the right to approve the Settlement at or after the Final Approval

17  Hearing with such modification as may be consented to by the Parties and without further notice to

18  the Class.

19        20.   The Court retains jurisdiction of this Action to consider all further applications or

20  matters arising out of or connected with the proposed Settlement.

21

22        **IT IS SO ORDERED.**

23

24  DATED: _____         _____

25                                 THE HON. WILLIAM H. ALSUP
                                   UNITED STATES DISTRICT COURT JUDGE

26

27

28

# EXHIBIT C

Joseph J. Tabacco, Jr. (SBN 75484)
Kristin J. Moody (SBN 206326)
A. Chowning Poppler (SBN 272870)
**BERMAN DEVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone:  (415) 433-3200
Facsimile:  (415) 433-6282
Email: jtabacco@bermandevalerio.com
          kmoody@bermandevalerio.com
          cpoppler@bermandevalerio.com

*Local Counsel for Plaintiff and the Class*

Patricia I. Avery (*pro hac vice*)
Matthew Insley-Pruitt (*pro hac vice*)
Adam J. Blander
**WOLF POPPER LLP**
845 Third Avenue, 12th Floor
New York, NY 10022
Telephone:  (212) 759-4600
Email: pavery@wolfpopper.com
          minsley-pruitt@wolfpopper.com
          ablander@wolfpopper.com

*Counsel for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| LATASHA McLAUGHLIN, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>WELLS FARGO BANK, N.A., d/b/a WELLS FARGO HOME MORTGAGE,<br><br>                    Defendant. | **CLASS ACTION**<br><br>No.: 3:15-cv-02904-WHA<br><br>**[PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT** |

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

A hearing was held before this Court on _____, 2017 (the "Final Approval Hearing"), pursuant to this Court's order of _____, 2016 (the "Preliminary Approval Order"), concerning the Settlement[1] set forth and described in the Agreement dated October ___, 2016 respecting the above-captioned action.  Among those matters undertaken at the Final Approval Hearing include (a) whether the Settlement embodied in the Agreement should be approved as fair, reasonable, and adequate; (b) whether the application for awards of attorneys' fees and costs to Class Counsel (the "Fees and Costs Application") should be approved; (c) whether an application for a service award for Plaintiff (the "Service Award Application") should be approved; and (d) such other matters brought to the Court's attention by the Parties.  It appears to the Court that due and adequate notice was given to Class Members in this Action in accordance with the Preliminary Approval Order.

The Parties appeared at the Final Approval Hearing by and through their respective counsel of record.  Such attorneys were heard and no Class Member objected in opposition to (i) the Settlement or to the terms of the Settlement Agreement; (ii) the Fees and Costs Application; and/or (iii) the Service Award Application.  The foregoing matters have been considered by the Court, and the Court has been duly advised in the premises.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1.      As the Court determined in its June 22, 2016 Order Certifying Two Classes, ECF No. 123, this Action is properly maintained as a class action under Rule 23(b) of the Federal Rules of Civil Procedure.  The Class is defined as members of the Damages Class and Declaratory Relief Class,[2] collectively, excluding officers and directors of Defendant. The Court confirms such certification.

---

[1] Defined terms used herein, unless otherwise defined, shall have the meanings ascribed to them in the Settlement Agreement.

[2] The Settlement Agreement's definitions of "Damages Class" and "Declaratory Relief Class" are identical to those classes certified in the Court's June 22, 2016 Order Certifying Two Classes, except that officers and directors of Defendant have been excluded from the Class. ECF No. 123.

2.      Those Class Members who timely and validly requested exclusion from the Class are identified in Exhibit 1 to this Final Approval Order.

3.      The names of those Class Members were not otherwise excluded from the Class are identified in Exhibit 2 to this Final Approval Order, submitted under seal.

4.      The Settlement as set forth in the Agreement and described in the Notice of Pendency and Settlement of Class Action ( the "Notice") was the product of serious, informed, and arms-length, good faith negotiations and the Settlement is free of any obvious deficiencies, fraud, or collusion.  Moreover, the Settlement did not improperly grant preferential treatment to Plaintiff, Class Counsel, or any segment of Class Members.  Additionally, this Action was not without risks to each side, and this Action involved complex issues which could have otherwise required years of litigation to finally resolve after appeals.  The Settlement, which provides significant and meaningful benefits to the Class Members, is thus in the best interests of the Class Members.  The Court is also fully satisfied that the Settlement, in all respects, meets the requirements of Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure and due process.

5.      The Court approves and adjudges the terms and conditions of the Settlement and the terms set forth in the Agreement, to be fair, reasonable, and adequate.  Based upon the foregoing, the Court finds and concludes the Settlement, including the distribution of funds contemplated by it, is fair, reasonable and adequate and the Court thus approves the Settlement in all respects.  Accordingly, the Settlement, along with the provisions of this Final Order, are binding on all Class Members identified in Exhibit 2.

6.      The submissions of the Parties show, and the Court finds, that Notice was sent to the Class Members in accordance with the Preliminary Approval Order and the Agreement; the form, content, and method of sending the Notice met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto; and none of the Class Members have objected to any aspect of the Settlement or fee request.

7.     The Administrator is hereby ordered to promptly process and pay the Damages Class Members identified in Exhibit 2, in accordance with the Agreement.

8.     The Service Award Application is granted, and Plaintiff is hereby awarded a service award of $_____.

9.     The Administrator is granted recovery of its fees and expenses in the amount of $_____.

10.    The Fees and Costs Application is granted and Class Counsel are awarded the sum of $_____ for legal fees and $_____ for costs.

11.    Such amounts as set forth in Paragraphs 7-9 herein shall be paid pursuant to the terms of the Agreement.

12.    Funds not paid out in the Settlement are not subject to reversion to Wells Fargo.  Any remainder in the Damages Claim Fund due to uncashed checks shall be paid to the *cy pres* recipient, pursuant to the terms of the Agreement.

13.    Without affecting the finality of this final judgment in any way, the Court retains jurisdiction to enforce the terms of the Agreement.

14.    The above-captioned action is dismissed pursuant to the terms of the Settlement.

15.    This Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay in the entry of a final judgment notwithstanding any other matters now pending, and the Clerk of Court is hereby directed to enter judgment in this Action.  Such judgment shall be a final judgment for purposes of appeal.


**IT IS SO ORDERED.**


DATED: _____          _____

THE HON. WILLIAM H. ALSUP
UNITED STATES DISTRICT COURT JUDGE

1

## **EXHIBIT 1**

2

## **Class Members Who Filed Timely and Valid Requests for Exclusion from the Class**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 2**

**Releasing Class Members (Under Seal)**