UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LATASHA McLAUGHLIN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., d/b/a WELLS FARGO HOME MORTGAGE,<br><br>Defendant. | **CLASS ACTION**<br><br>No.: 3:15-cv-02904-WHA<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

– 1 –

The unopposed motion of plaintiff Latasha McLaughlin ("Plaintiff") for an order preliminarily approving the settlement of this action (hereinafter, "this Order" or the "Preliminary Approval Order"), approving the form of Notice to the class, and setting a Final Approval Hearing came on before this Court on December 1, 2016.

Having read the Class Settlement Agreement and Release dated October 19, 2016 (with exhibits) (the "Agreement"), and the motion, memorandum, and the court file, this Court finds that the proposed settlement is fair, reasonable and adequate, and that a hearing should be held after notice to the Class of the proposed settlement to determine if the Agreement[1] and the Settlement are fair, reasonable and adequate and if a Final Approval Order and judgment, as well as an Order approving Plaintiff's Attorneys' Fees and Costs Application and Service Award Application (as defined in Paragraph 7), and such other matters as may come before the Court in connection with the Agreement should be approved;

**IT IS THEREFORE ORDERED THAT:**

1. The Agreement and the Settlement described therein are preliminarily approved as fair, reasonable and adequate.

2. The Court approves, as to form and content, the Notice of Pendency and Settlement of Class Action (the "Notice"), substantially in the form attached hereto as Exhibit A-1. The Notice meets the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure as the "best notice that is practicable under the circumstances," the requirements of Rule 23(c)(2)(A) of the Federal Rules of Civil Procedure as "appropriate notice to the class," as well as the requirements of due process.

3. As soon as practicable following the signing of this Preliminary Approval Order, Wells Fargo will provide to the Administrator, in an electronically searchable and readable format, a notice database which includes the names and last known mailing addresses, and other reasonably available contact information, for all Class Members. Thereafter, twenty one (21) days after entry of this Order, the Administrator will, by first class mail, send the Notice to each Class Member for

---

[1] Defined terms used herein, unless otherwise defined, shall have the meanings ascribed to them in the Settlement Agreement.

– 2 –

1  whom it has a postal mailing address. The last known address for each Class Member will be subject
2  to confirmation or updating as follows: (i) the Administrator will check each address against the
3  United States Post Office National Change of Address Database before the initial mailing; (ii) the
4  Administrator will conduct a reasonable search to locate an updated address for any Class Member
5  whose Notice is returned as undeliverable; (iii) the Administrator will update addresses based on any
6  forwarding information received from the United States Post Office; and (iv) the Administrator will
7  update addresses based on any requests received from Class Members.  The Administrator and the
8  Parties shall make reasonable efforts to locate such Class Members for whom Notice is returned as
9  undeliverable.

10  4.   Prior to the Class Notice being mailed, the Administrator shall also create and
11  maintain a settlement website on the Internet for this Action, with such website containing the
12  operative complaint for this Action, the Settlement Agreement, the Notice, the Order that TILA
13  Required Insurance Proceeds to be Reflected in Payoff Statements, the Order Certifying Two
14  Classes, and the Preliminary Approval Order, along with important dates related to the proposed
15  Settlement, and any other information the parties deem proper. Such website shall remain active so
16  long as is necessary to accomplish the objectives of the Settlement.  The Administrator is directed to
17  file with the Court, and serve upon the parties' Counsel, on or before fourteen (14) days prior to the
18  Final Approval Hearing, defined, *infra*, a declaration containing a sworn verification of such
19  mailings.

20  5.   The mailing of the Notice as directed in this Order constitutes the best notice
21  practicable under the circumstances and appropriate notice to the class and such is hereby deemed
22  sufficient notice to all members of the Class.

23  6.   The costs and expenses of printing and mailing the Notice shall be paid by Wells
24  Fargo consistent with the terms of the Agreement.

25  7.   A hearing (the "Final Approval Hearing") shall be held on [no earlier than one
26  hundred sixty eight (168) days from entry of Preliminary Approval Order]_____,
27  2016 at _____ __.m. in the Courtroom of the undersigned judge, 450 Golden Gate Avenue, San
28  Francisco, California, 94102, Courtroom 8-19th Floor, to determine: (i) whether the terms of the

– 3 –

Settlement, as set forth in the Agreement, are fair, reasonable, and adequate and should be approved by the Court; (ii) whether the Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; (iii) whether this Action should be dismissed with prejudice; and (iv) whether all Released Claims should be fully and finally released. The Court will also consider at the Final Approval Hearing whether Plaintiff's motion for attorneys' fees and costs (the "Fees and Costs Application") and motion for a service award to the Plaintiff (the "Service Award Application") should be granted and, if so, in what amounts.  After the Final Approval Hearing, the Court may enter a Final Approval Order and Final Judgment in accordance with the Agreement, which Final Approval Order and Final Judgment will adjudicate the rights of all Class Members.

8.  The Court appoints Garden City Group, LLC as Administrator to supervise and administer the Notice to the Class and the Distribution of the Damages Class Fund to the Damages Class Members, as set forth in the Agreement. The Parties and their counsel shall not be liable in any way for any act or omission of the Administrator.  Wells Fargo is liable for all costs associated with Notice and with administration of the Settlement, and neither Plaintiff nor Class Counsel shall be liable for any such costs.

9.  Class Counsel shall file and serve their motion for a Final Approval Order and Fees and Costs Applications and the Service Award Application no later than seventy (70) calendar days following entry of this Preliminary Approval Order.

10.  The Notice shall provide that Members of the Damages Class may exclude themselves from the Damages Class and the procedures and deadlines they must follow in order to exclude themselves from the Damages Class.  To be effective, a Damages Class Member must mail a valid Request for Exclusion to the Administrator, postmarked by the Objection/Exclusion Deadline.  A Request for Exclusion must include (i) the name and number of the Action; (ii) the full name, address, telephone number, and Notice ID of the Damages Class Member; (iii) and must be personally signed by the Damages Class Member. The Administrator will provide copies of each Request for Exclusion to the Parties' Counsel within one (1) business day upon receipt.

– 4 –

11. Any member of the Class who has not timely elected to be excluded from the Class, and who objects to approval of the proposed Settlement, including any Fees and Costs Application or Service Award Application, may appear at the Final Approval Hearing in person or through counsel at his own expense to show cause why the proposed settlement should not be approved as fair, reasonable and adequate.

12. Objections to the Settlement shall be heard, and any papers or briefs submitted in support of said objections shall be considered by the Court at the Final Approval Hearing but only if filed with or mailed to the Clerk of Court one hundred twelve (112) days from entry of the Preliminary Approval Order, unless otherwise ordered by the Court. Any papers or briefs filed in support of any said objections must specifically state the factual basis and/or legal grounds of the objection and must contain proof of service of said objections upon the Clerk of Court as follows:

> Office of the Clerk of Court
> United States District Court
> 450 Golden Gate Avenue
> San Francisco
> California, 94102

Any Class Member who does not object, in the manner provided for herein, to the Settlement, and/or any other matter to be heard at the Final Approval Hearing shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, the Fees and Costs Application, the Service Award Application, or to the Final Approval Order and judgment to be entered approving the Settlement.

13. Wells Fargo shall submit any papers or briefs in opposition to the Fees and Costs Application no later than one hundred twelve (112) days from entry of this Preliminary Approval Order. In the event that Wells Fargo files such an opposition, the Parties shall submit disputes over discovery to Magistrate Judge Donna Ryu for prompt resolution.

14. Not later than one hundred fifty four (154) calendar days from entry of this Preliminary Approval Order, Plaintiff shall serve and file her reply papers to such objections, if any.

15. All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of this Agreement. Class

– 5 –

Members are hereby barred from filing any actions against Wells Fargo arising out of the class claims asserted in this Action pending the Final Approval Hearing.

16. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order.

17. Neither the Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties or any other person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, or liability of the Parties, the Released Parties, or of the validity of any Released Claims; or (ii) is intended by the Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

18. Without further notice of any kind to Class Members, the Court reserves the right to adjourn or continue the Final Approval Hearing and any matter to be considered thereat or any adjournment or continuance thereof.

19. The Court reserves the right to approve the Settlement at or after the Final Approval Hearing with such modification as may be consented to by the Parties and without further notice to the Class.

20. The Court retains jurisdiction of this Action to consider all further applications or matters arising out of or connected with the proposed Settlement.

**IT IS SO ORDERED.**

DATED: _____

                                         THE HON. WILLIAM H. ALSUP
                                         UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A-1

**Name**  **Address**
**ID No.**  **City, State, Zip**

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATASHA MCLAUGHLIN, on behalf of herself and all others similarly situated,<br><br>              Plaintiff,<br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>              Defendant. | Case No. 3:15-cv-02904-WHA<br><br>**NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION** |

**This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of the District Court of the Northern District of California. The purpose of this Notice is to inform you of the pendency of this class action and a proposed settlement that has been reached. You are NOT being sued and this is NOT a solicitation from a lawyer.**

## BASIC INFORMATION

*1. Why Did I Get This Notice?*

There is a proposed class action settlement (the "Settlement") involving Wells Fargo Bank, N.A. ("Wells Fargo"). You should read this notice because Wells Fargo's records show that you are a member of one or both of the following two classes (collectively, the "Classes"):

   (i) All borrowers with mortgages serviced and owned by Wells Fargo who, between June 23, 2014, and June 23, 2015, have received payoff statements which failed to disclose property insurance claim funds ("Damages Class"); and/or

   (ii) All borrowers with mortgages serviced and owned by Wells Fargo wherein Wells Fargo was holding insurance proceeds on June 22, 2016 ("Declaratory Relief Class").

*2. What is the Case About?*

The Truth In Lending Act, 15 U.S.C. § 1639g ("TILA") requires a lender or mortgage servicer to provide, at the borrower's written request, an accurate statement of the total outstanding balance required to terminate the borrower's loan obligation.

The plaintiff Latasha McLaughlin ("Plaintiff") claims that Wells Fargo violated this section of TILA by issuing payoff statements that did not credit or disclose property insurance claim funds held by Wells Fargo and which were potentially available to be applied to her account balance. Specifically, Plaintiff claims that insurance funds received by Plaintiff and Wells Fargo following damage to Plaintiff's residential property, and which were held by Wells Fargo at the time Plaintiff requested a payoff statement, should have been reflected on her payoff statement.

The Complaint asserts a claim for violation of TILA and seeks statutory damages of up to $1 million in the aggregate on behalf of the Damages Class, and an order directing Wells Fargo to include insurance funds on payoff statements, attorneys' fees and costs. Wells Fargo contends that its payoff statements comply with the requirements of TILA and that the statement Plaintiff received was accurate, in part, because a third party claimed an interest in part of the insurance funds.

On October 29, 2015, the Court issued an order holding that to be accurate a payoff statement should have deducted the insurance funds still held by the bank and at least should have added a note that the insurance funds potentially could be used for home repair in the event the loan was not paid off. On June 22, 2016, the Court issued an order certifying the lawsuit to proceed as a class action on behalf of the Damages Class and the Declaratory Relief Class, appointing Plaintiff as representative of the Classes, and appointing the law firms of Wolf Popper LLP and Berman DeValerio as Class Counsel.

## WHO IS IN THE CLASS?

### 3. Who Is Part Of The Class?

The Court has decided that the members of the Damages Class are: all borrowers with mortgages serviced and owned by Wells Fargo who, between June 23, 2014 and June 23, 2015, have received payoff statements which failed to disclose property insurance claim funds.

The Court has decided that the members of the Declaratory Relief Class are: all borrowers with mortgages serviced and owned by Wells Fargo wherein Wells Fargo held property insurance claim funds on June 22, 2016.

Members of the Damages Class, and individuals who are members of both the Damages Class and Declaratory Relief Class, have an identification number on the envelope containing this Notice that begins with the letter "A" (e.g., A12345678). Members of the Declaratory Relief Class have an identification number on the envelope containing this notice that begins with the letter "B" (e.g., B12345678).

## THE PROPOSED SETTLEMENT

### 4. Grounds For The Settlement.

Based on Class Counsel's investigation, the current state of the law, the expense, and time necessary to prosecute this Action through trial and possible appeals, the risks and uncertainty of further prosecution of this Action considering the sharply contested legal issues involved, and the relative benefits to be conferred upon the Class Members under the Settlement, the Plaintiff and Class Counsel believe that it is desirable to enter into the Settlement.

### 5. Monetary Relief To The Damages Class.

Subject to approval by the Court, Wells Fargo will establish a Damages Class Fund in the amount of $880,000. Upon approval, eligible Damages Class Members will receive settlement checks representing a pro rata share, on a per account basis, of the Damages Class Fund. In other words, accounts with two named borrowers will share in a single pro rata share of the Damages Class Fund. Each account is anticipated to receive at least $2,500.

### 6. Practice Change.

Wells Fargo will also revise its template payoff statement letter to disclose property insurance funds held by it directly below the total amount due identified in the letter and to add language specifying that the funds can be applied to the total amount due if they are not used for repairs to the property (the "Practice Change").

### 7. Request For Attorneys' Fees And Costs And Payment Of Plaintiff

Class Counsel will move the Court for an award of reasonable attorneys' fees and costs incurred in the Action, not to exceed $1.95 million and $45,000, respectively, and to award Plaintiff with a service payment in the amount of $5,000. Plaintiff contends these monies will compensate Plaintiff and Class Counsel for the benefits achieved by: the Practice Change; the establishment of the Damages Class Fund (which represents 88% of total potential damages available under TILA); and Wells Fargo's agreement to pay the costs of Notice and administration, reasonable attorneys' fees and costs, and a service award, as approved by the Court. Wells Fargo may oppose any such motion.

For more information: (877) 351-3539, or www.mortgagepayoffstatementclassaction.com

Attorneys' fees and costs and any service award are determined by the Court and would be paid separately by Wells Fargo, and would not diminish the Damages Class Fund in any way. You will not have to personally pay any fees or costs to Class Counsel.

## YOUR RIGHTS AND OPTIONS

### 8. What Happens If I Do Nothing?

If you are a Member of the Damages Class and do nothing, you will be deemed part of the Settlement and be entitled to a monetary payment as detailed above, and you will be releasing all claims asserted on behalf of the Damages Class in the Action. No other claims are being released.

If you are a Member of the Declaratory Relief Class and do nothing, you will be deemed part of the Settlement and you will be releasing all claims asserted on behalf of the Declaratory Relief Class in the Action. No other claims are being released. Declaratory Relief Class Members do not release claims for damages (if any) and are not entitled to a monetary payment.

### 9. How Do I Request To Be Excluded?

If you are a member of the Damages Class, you may request to be excluded from this Class. This is sometimes called "opting out" of the class. If you exclude yourself, you will receive no money from the proposed Settlement. If you exclude yourself, you will not be legally bound by the Final Approval Order in the Settlement.

To be excluded, you must send a signed written request for exclusion that includes your name, current address, telephone number, and ID number that appears on this Notice, and state "I request exclusion from the Damages Class in the McLaughlin v. Wells Fargo Class Action." The request must be postmarked on or before [date] 112 days from entry of the Preliminary Approval Order] and mailed to the Administrator at the address provided below.

### 10. How Do I Object To The Proposed Settlement Or Request For Attorneys' Fees And Costs?

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*McLaughlin v. Wells Fargo Bank, N.A.*, Case No. 3:15-cv-02904-WHA), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California, 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before [date].

## FINAL APPROVAL HEARING

### 11. Notice Of Hearing On Final Approval, Attorneys' Fees, And Objections To Settlement.

A Final Approval Hearing will be held before the Honorable William H. Alsup on [date] at [time] at the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, 94102. The hearing will be to determine whether the proposed Settlement is fair, reasonable, and adequate, and whether the requests for attorneys' fee and costs and a service award should be approved. You do not need to appear at this hearing. The hearing may be changed without further notice. If you plan to attend the hearing, you should check the settlement website to see if the date has changed.

- 3 -

For more information:  (877) 351-3539, or www.mortgagepayoffstatementclassaction.com

Upon final approval of the Settlement by the Court, Plaintiff and each Member of the Class (excluding (i) all Damages Class Members who timely request exclusion from the Class; (ii) Damages Class Members for whom this Notice is returned as undeliverable and who cannot be located with reasonable diligence; and (iii) officers and directors of Wells Fargo since June 23, 2014), on behalf of themselves and their agents, administrators, servants, employees, representatives, assigns, heirs, executors, trustees, joint venturers, partners, successors, predecessors and attorneys, and each of them, will fully release and discharge Wells Fargo and all of its former, present and future direct and indirect parents, affiliates, subsidiaries, successors and predecessors, and all of their respective former, present and future officers, directors, shareholders, managers, general partners, limited partners, employees, servants, agents, principals, attorneys, representatives, insurers, reinsurers, predecessors, successors, divisions, joint ventures, assigns, independent contractors and vendors from any and all actions, causes of action, obligations, costs, expenses, damages, losses, claims, liabilities, and demands, of whatever character that were asserted in this Action, to wit, violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. and Regulation Z, 12 C.F.R. Part 1026 for the failure of Wells Fargo to disclose insurance claim fund balances in payoff statements, except that any Class Member's claims for actual damages as a result of such violations are expressly excluded from this release.

### 12. Are More Details Available?

For the precise terms of the Settlement, you should review the Class Settlement Agreement and Release. The Agreement, as well as the pleadings and other records in this Action, may be obtained online at www.MortgagePayoffStatementClassAction.com, from the Court's electronic records access service at www.Pacer.gov, or in person at the Courthouse, 450 Golden Gate Ave., San Francisco, California, 94102. If you still have questions about this Notice or the Action, you may contact the Administrator by phone at (877) 351-3539, or Class Counsel at the telephone numbers below. Please do not telephone the Court or the Court Clerk's office to inquire about this Settlement.

## ATTORNEYS AND ADMINISTRATOR

### 13. Who Are The Attorneys?

Attorney for Plaintiff and the Class are:
Patricia Avery (PAvery@wolfpopper.com)
Matthew Insley-Pruitt (MInsley-Pruitt@wolfpopper.com)
WOLF POPPER LLP
845 Third Avenue
New York, New York 10022
Telephone: (212) 759-4600

Kristin J. Moody (kmoody@bermandevalerio.com)
BERMAN DEVALERIO
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200

Attorneys for Wells Fargo are:
Peter J. Kennedy (pkennedy@reedsmith.com)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: (213) 457-8000

Ashley L. Shively (ashively@reedsmith.com)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: (415) 543-8700

### 14. Who Is The Settlement Administrator?

McLaughlin v. Wells Fargo Class Action
c/o Garden City Group
P.O. Box 10315
Dublin, OH 43017-3915
Telephone: (877) 351-3539

IF YOU MOVE, PLEASE SEND YOUR CHANGE OF ADDRESS TO THE ADMINISTRATOR.

For more information:  (877) 351-3539, or www.mortgagepayoffstatementclassaction.com